UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW R. DUPREE,

    Plaintiff,

v.                                              Case No: 6:15-cv-423-Orl-18KRS

APPLE INC.,

    Defendant.

## ORDER

THIS CAUSE was referred to United States Magistrate Judge Karla R. Spaulding to conduct a preliminary pretrial conference to discuss the contents of the Case Management Report (Doc. 73) filed by the parties on June 11, 2015. (*See* Doc. 74 at 1.) On June 16, 2015, Judge Spaulding entered an Order Scheduling Telephonic Preliminary Pretrial Conference (Doc. 75), wherein Judge Spaulding ordered Plaintiff Andrew R. Dupree ("Dupree") and counsel for Defendant Apple, Inc. ("Apple") to appear before her by telephone on June 24, 2015 at a preliminary pretrial conference (the "Pretrial Conference"). (*Id.* at 1.) On June 25, 2015, Judge Spaulding issued her Report and Recommendation (Doc. 77), wherein she recommends that the Court adopt the deadlines proposed by Apple in the Case Management Report, with certain modifications. (*Id.* at 2.) Judge Spaulding further recommends that the Court order Dupree "to show cause in writing why he should not be sanctioned, up to and including dismissal of his complaint, for failure to comply with the Court order requiring his appearance at the preliminary pretrial conference." (*Id.*) Subsequently, on June 26, 2015, Dupree filed objections (the "Objections") to the Report and Recommendation titled "Cause for Failure" (Doc. 78), wherein Dupree requests the Court to excuse his absence at the Pretrial Conference and avers that the deadlines he proposed in the Case Management Report are "more fair to all." (*Id.* at 1.)

The Court reviewed the Report and Recommendation, the Objections, and relevant filings in this case. After such review, and taking into account Dupree's failure to appear at the Pretrial Conference, the Court finds that the case management deadlines recommended by Judge Spaulding are appropriate. Additionally, although the Court is not persuaded that Dupree would be able to

show good cause for his failure to appear at the Pretrial Conference since the only reasoning he provides to excuse his absence is that he was at work, the Court declines to enter an order to show cause as to why Dupree should not be sanctioned for his failure to appear at the Pretrial Conference. However, the Court notes that any further actions on Dupree's part that demonstrate a failure to comply with his obligations to this Court may result in sanctions that include dismissal of this case in its entirety.

After conducting a de novo review of the portions of the Report and Recommendation to which Dupree objected, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED in part**. Specifically, the Court declines to enter an order to show cause as to why Dupree should not be sanctioned. In all other respects, the Report and Recommendation is approved and adopted.

2. The Court adopts the deadlines proposed by Apple, Inc. in the Case Management Report (Doc. 73), with the following modifications:

    a. The deadline for the joint final pretrial statement is January 18, 2017;

    b. The deadline for motions in limine is January 18, 2017;

    c. The deadline for pretrial briefs is January 18, 2017.

3. The Court will modify the deadlines in the Case Management Report in a manner consistent with its internal procedures for case management.

**DONE and ORDERED** in Orlando, Florida on this __21__ day of July, 2015.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party